

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,138-01

### EX PARTE CARLOS HERNANDEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20160D01804-384-1 IN THE 384TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated with a prior intoxication manslaughter conviction and sentenced to four years' imprisonment. He did not appeal his conviction.

Petitioner, Y. Hernandez, has submitted this habeas application on Applicant's behalf. Applicant claims that his guilty plea was involuntary. He says trial counsel failed to communicate with him the repercussions of pleading guilty. Rather, he says counsel advised him that pleading guilty without a plea recommendation "was the best option considering the circumstances" and that

Applicant "would not face jail time." Applicant, however, received a sentence of incarceration. There is no affidavit in response from trial counsel or findings from the trial court in the habeas record provided to this Court. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997).

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim and shall resolve the disputed factual issues. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary, and the trial court shall make a finding regarding whether Applicant has authorized petitioner to submit this habeas application on his behalf. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 1, 2017
Do not publish